UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TIMOTHY DALE CROCKETT, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 07-396-DCR |
| ) | |
| V. ) | |
| ) | |
| D. L. STINE, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Respondent D. L. Stine's ("Warden") motion to dismiss or, in the alternative, motion for summary judgment regarding Timothy Dale Crockett's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Because Crockett has failed to come forward with evidence to refute the Warden's motion for summary judgment and because there are no genuine issues of material fact in dispute, the Warden's motion will be granted, and the claims asserted in Crockett's petition will be dismissed, with prejudice.

### I.   BACKGROUND

This litigation arises from an incident that occurred between Crockett and Corrections Officer Walker at USP-Atlanta on December 2, 2006. The incident resulted in Officer Walker filing a report charging Crockett with a Bureau of Prisons ("BOP") Code 222 offense, using alcohol, and Code 203 offense, threatening another with bodily harm. Crockett admits that he is guilty of the first charge, using alcohol, but claims that he did not threaten anyone with bodily

harm. Through this action, Crockett seeks to challenge the resulting disciplinary proceeding and his loss of 27 days of good time credit.

In the report filed in connection with the incident, corrections officer Walker stated that, shortly after Crockett blew a .081 on a Breathalyzer, the prisoner acted as follows:

> Inmate Crockett began to babble and asked me if there was anything I could do to help him, or let him go back to his cell. I told inmate Crockett I was not about to do that, Inmate Crockett stated "you fat nigger", when I get out, I'm gonna fuck you up". I had the compound officer report to the Lt's Office and place inmate Crockett in restraint's and escort him to Special Housing Unit. . . . As he departed the Lt's Office, he yelled, we'll see how bad you are, when I get back on the compound.

[*See* Record No. 2, Att. 2.]

Crockett admits that he used profanity, including calling Walker a "nigger", but claims that he was responding to being called a "red-neck" by Walker. He further claims that he did not threaten Walker with harm as detailed in the incident report. According to Crockett, the compound officer (Vazquez) who escorted him to Special Housing later told him that he did not hear Crockett yell a parting threat at Walker. Crockett also asserts that there was another officer in the room who could verify the lack of any threat, but he has not been able to identify the officer.

At the hearing before a Disciplinary Hearing Officer ("DHO") held on December 21, 2006, Crockett purportedly told the DHO that he wanted to have two witnesses or to submit written questions to them as authorized by 28 C.F.R. § 541.17(c). However, he claims that the DHO "tricked" him into waiving the presence of witnesses or a staff representative by telling him that written questions were permitted only if he did not have representative. Then, the DHO

did not permit the written questions. Further, Crockett alleges that the DHO informed him that he did not believe that Crockett threatened Walker, but would find him guilty "because the DHO 'had to work with Lt. Walker everyday.'"

The resulting DHO report dated January 8, 2007, states that Crockett testified, "I admit to drinking and Insolence and calling the Lieutenant names, but not threatening." [Record No. 1, Att. 2]  It also indicates that he waived having a staff representative and did not request witnesses.  The DHO relied on the incident report and a memorandum submitted by Unit Manager, D.G. Parks in making his decision.[1]  He ultimately found Crockett guilty of both offenses.  In reaching this conclusion, the DHO noted that,

> You admitted to drinking and Insolence and calling the Lieutenant's names, but you denied Threatening, however, you offered creditable evidence to dispute the charge.  Your mere statement without any creditable evidence, is of lesser weight than the credibility of information provided by the reporting employee.  Further, the writer would have nothing to gain by submitting false information on you.
>
> Therefore, it was found that you committed the prohibited acts.

[Record No. 1, Att. 2] Crockett was punished with time in disciplinary segregation, suspension of certain privileges, and the loss of 27 days of good conduct time ("GCT") for each conviction. He appealed through the BOP administrative remedy process but was unsuccessful.

In his petition, Crockett assets several errors in the BOP process and decision.  More specifically, he claims that his receipt of a copy of the charges and the holding of the DHO hearing were untimely and that "[t]his delay prejudiced me because the witnesses were unavailable (according to my staff rep) after delay."  Additionally, Crockett claims that the

---

[1]   This document is not attached to the instant petition, nor are its contents revealed by the Petitioner or the DHO.

charging instrument was incomplete because Walker failed to reveal the name of the other officer in the room when the altercation occurred. Crockett asserts that this omission thwarted his ability to call the other officer to testify. Also, Crockett alleges that the investigation was insufficient and the Unit Disciplinary Committee failed in its duties.

Crockett further claims that the DHO was not certified, was not an impartial decision-maker because of peer pressure, and had a conflict of interest. Finally, Crockett alleges that his conviction was improperly obtained because the DHO tricked him into dropping his requests for a staff representative and witnesses and then wrongly denied him his right to submit written questions instead. According to Crockett, the proceedings violated: (1) his due process rights under the Fifth Amendment; (2) Bureau of Prisons regulations and policies; and (3) provisions of the Administrative Procedures Act ("APA"). He seeks injunctive relief, including restoration of the 27 days of good time credit.

In response to Crockett's allegations, the Warden filed the current motion to dismiss or, in the alternative, motion for summary judgment. [Record No. 15] The Warden concedes that the matter was properly appealed to the highest level of the BOP and asks the Court to concur with the BOP's conclusions that the proceedings were conducted consistent with the United States Constitution, Title 28 of the Code of Federal Regulations, Sections 541.10 through 541.23, and the applicable BOP Program Statement ("PS") 5270.7, Inmate Discipline and Special Housing Units. In short, the Warden admits that there were delays in delivering a copy of the charges to Crockett and in holding the Unit Disciplinary Committee's review, but claims that these delays were approved and that Crockett suffered no prejudice from the delays.

According to the Warden, Crockett was provided with notice of the charges and informed of his rights substantially in advance of the DHO hearing. The Warden asserts that Crockett initially requested staff representation but did not request witnesses. Additionally, the Warden claims that the DHO had not only the incident report, but also documentary evidence and Crockett's admissions on which to base his decisions, as recited in his attached report.

The Warden asserts that Crockett was provided with a full disciplinary hearing in compliance with BOP's written procedures and procedural due process, as described in *Wolff v. McDonald*, 418 U.S. 539 (1974). Regarding the evidence upon which the DHO replied for arriving at the findings of guilt, the Warden points out that Crockett admitted to the alcohol offense and claims that the decision on the threatening offense is supported by "some evidence," which is all that is necessary to support a conviction in a disciplinary proceeding, under *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Therefore, the Warden asks that Crockett's petition be denied and this case dismissed.

Crockett has submitted a Response [Record No. 18] to the Warden's motion, as well as an affidavit of his version of the facts. The affidavit consists of twelve (12) averments, including the following:

> 6. That UDC staff (Ms. Parks) advised me that I had to have a staff rep. assigned to question wintesses and could not submit written questions to staff no matter what BOP Policy stated;
> . . .
>
> 8. That my staff rep. (Ms. Williams) would not communicate with witness Vasquez and refused to investigate the identity of officer in Lt.'s office on day of incident;
> . . .

> 10.  That I was coerced into waiving my witnesses and staff rep by DHO Hodge;
>
> 11.  That DHO Hodge was my acting Unit Team member and should not have been my DHO. Hodge was not DHO Certified at the time of my DHO hearing and the BOP has failed to prove that he was.

[*See* Record No. 18, Attachment dated March 20, 2008.]

Crockett insists that the Unit Discipline Committee met on December 15, 2006, not December 6, 2006; that the Warden has altered an exhibit, the "Notice of Hearing Before DHO," by adding the name of the unknown officer witness (Gerren), while the document which Crockett received did not identify him; that the DHO lied to him about the need to waive an inmate representative to submit written questions to witnesses; and that he did not seek a continuance because the DHO told him that it would be months until another time, with none credited to his "disciplinary 'hole' time." Crockett further claims that the Warden has not provided the affidavits of Officers Vasquez or Gerren, the two witnesses to the events of December 2, 2006, because they would not lie for Lt. Walker.

Crockett claims that the reason the threatening charge and the resulting proceedings occurred was because he called Walker "a 'fat [n-word]' and that is what this case is all about." He concludes as follows:

> DHO Hodge threw the BOP Rules out the window and arbitrar[i]ly found Crockett guilty because he (DHO Hodge) did not want to face Lt. Walker if Crockett was not found guilty of Lt. Walker's bogas [sic] charges. DHO Hodge said that he found it very hard to believe that Crockett would threaten Lt. Walker as alleged, but, nevertheless, had to find Crockett guilty. DHO Hodge did no weighing of evidence, or any other deliberation aside from considering Lt. Walker's influence.

[*See* Record No. 18 at p. 5.]

In his Reply [Record No. 19], the Warden admits that he and the declarant attorney had the date of the Unit Disciplinary Committee meeting wrong, as it was on December 15, 2006, not December 6, 2006. However, he contends that neither this error in the date, nor the 9-day delay render Crockett's disciplinary proceedings fatally flawed. The Warden maintains that the rest of the facts are correct and that the legal due process requirements under *Wolff v. McDonald* and *Superintendent v. Hill* have been met.

With respect to Crocektt's assertions regarding why the two officer-witnesses have not submitted affidavits, the government responds that this is not the relevant inquiry. "The only issue is whether there is 'some evidence' in the administrative record to support the DHO's decision. . . . [and] whether the imposition of his disciplinary sentence was without elementary procedural due process." [Record No. 19, p. 3 (citing *Wolff* and *Superintendent, supra*)]. According to the Warden, because there is "some evidence" to support the decision that Crockett was guilty on the threatening charge, this matter should be dismissed.

## II.   STANDARDS OF REVIEW

The Warden's motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which allows a respondent to move for dismissal of all or part of a complaint if it fails to state a claim upon which relief may be granted. When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A petitioner is not required to provide "heightened fact pleading of specifics," but must allege facts sufficient to "raise a right to relief above the speculative level."

*Twombly*, 127 S. Ct. at 1965, 1974. Additionally, all of a petitioner's factual allegations must be taken as true in considering a motion to dismiss. *Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004).

However, where, as here, a motion to dismiss references matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Pro. 12(d) (2008). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 983 (E.D.Ky. 1993). Once a moving party has met its burden of production, "'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The non-moving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324.

In reviewing a party's motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, and summary judgment is appropriate whenever

that non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (*quoting Anderson*, 477 U.S. at 251-52.).

### III. ANALYSIS

In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court held that a prisoner is entitled to certain procedural due process protections if he is faced with either the loss of good time credits or a penalty which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In such disciplinary proceedings, the Court has indicated that the following minimal due process protections must be provided for the prisoner: (1) the right to appear before an impartial decision-making body; (2) 24-hour written notice of the charge; (3) a qualified right to call witnesses; and (4) a written statement by the fact-finder(s) as to the evidence relied on and reasons for the disposition. *See Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974).

Here, because the penalties imposed included the loss of good time credits, Crockett was entitled to the enumerated due process procedures. However, he does not claim that he was not given 24-hour notice of the charges prior to a hearing or that he never got a written decision, in violation of *Wolff*'s procedural requirements (2) or (4). Instead, Crockett claims that his due

process rights were violated under (1) because the DHO was not impartial but biased by peer pressure and under (3) because he was tricked into waiving his right to call live witnesses and have a staff representative.

Initially, the Court notes that the appointment of a staff representative is not a due process requirement for Constitutional disciplinary proceedings. Further, the Supreme Court has made clear that the right to call witnesses right is qualified. *See Wolff*, 418 U.S. at 566. In the present case, the lack of witnesses is due to Crockett's waiver. Although he claims that the DHO "tricked" him into the waiver, he provides no proof or assertions indicating that trickery or coercion led to that waiver. Even if the Petitioner did not understand the witness rules when he waived calling witnesses, he fails to identify what benefit he would have gained by choosing to pose written questions to witnesses rather than having the representative ask questions of witnesses at the DHO hearing.

Most importantly, aside from offering a responsive declaration, Crockett has presented no evidence of any of the complained-of irregularities. He presents no showing that DHO Hodge was not certified to be a DHO or was biased or had a conflict of interest. Nor has he provided his copy of the Notice of the DHO Hearing to support his claim that Geffen's name was hidden from him at that time. To refute the Warden's motion for summary judgment, Crockett bears the burden of coming forward with some evidence that procedural due process violations occurred, and he has utterly failed to do so. However, even if Crockett had presented evidence to support some of his contentions, he would also have to show that prejudice resulted from the errors, which he has failed to do in this case.

With regard to the evidence, Crockett's second due process claim is that there was insufficient evidence to support his conviction. Under *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985), a disciplinary conviction must be upheld as consistent with due process as long as there is "some evidence" to support the decision. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). As the Warden notes in his motion, a district court's role in reviewing a disciplinary conviction is extremely limited. Case law is replete with the guiding principle that the Court has no authority under the guise of due process to review the resolution of factual disputes in a disciplinary decision. Rather, a district court merely ensures that the disciplinary decision is not arbitrary and does have evidentiary support. *Superintendent*, 472 U.S. at 457. Even meager proof is sufficient under the "some evidence" standard. *Webb*, 224 F.3d at 652.

The evidence in support of the Warden's decision includes Crockett's testimony and his admission to the use of alcohol, the DHO incident report, and the written conclusion of the officer investigating the incident. In explaining his decisions, the DHO noted,

> [y]ou admitted to drinking and Insolence and calling the Lieutenant's names, but you denied Threatening, however, you offered creditable evidence [sic] to dispute the charge. Your mere statement without any creditable evidence, is of lesser weight than the credibility of information provided by the reporting employee. Further, the writer would have nothing to gain by submitting false information on you. Therefore, it was found that you committed the prohibited acts.

[Record No. 1, Exhibit P-6 at 3 (emphasis added)]

The law is clear that credibility determinations of hearing officers cannot be disturbed on appeal. *See Sarmiento v. Hemingway*, 93 F. App'x 65, 68 (6th Cir.2004); *Wagner v. Seely*, 915 F.2d 1575, 1576 (7th Cir.1990) (unpublished); *Murtaugh v. Edmonson*, 815 F.2d 79 (6th Cir.

1987). Here, the hearing officer articulated clear, distinct evidence for finding Crockett guilty, and it cannot be said the decision is not supported by "some evidence." Therefore, Crockett's conviction and loss of good time credits must stand.

Crockett's final claim is that "Federal Bureau of Prisons Agents violated Agency Regulations during the disciplinary process against Crockett in violation of the Administrative Procedure Act under 5 USC § 701 et. seq." He states that if this Court fails to find that he is entitled to relief under the Fifth Amendment, then "this Court should hold that Crockett is entitled to relief under the APA." To the extent that Crockett's mere references to the APA can be construed as presenting a claim that the APA was violated, he has failed to provide any support for this claim, either in presenting relevant facts or citing any supporting law. *See Morales v. White*, 2008 WL 1869731 (W.D. Tenn. April 24, 2008) (slip op.); *Rollock v. Stine*, 2006 WL 950186 (E.D. Ky. 2006). The Court believes that the Warden has sufficiently shown that there is an absence of evidence to support Crockett's claims. *See Celotex Corp.*, 477 U.S. at 324-25. Further, Crockett has failed to carry his burden to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment." *See Anderson*, 477 U.S. at 257. His conclusory averments are simply inadequate to defeat the Warden's motion for summary judgment. *See Matsushita*, 475 U.S. at 587.

**IV.    CONCLUSION**

For the reasons discussed above, it is hereby **ORDERED** as follows:

(1)    Respondent D. L. Stine's Motion for Summary Judgment [Record No. 15] is **GRANTED**;

(2)     Petitioner Timothy Dale Crockett's Petition for writ of habeas corpus [Record No. 2] is **DENIED**;

(3)     The claims asserted in this action by Petitioner Crockett are **DISMISSED**, with prejudice;

(4)     A separate Judgment will be entered contemporaneously with this Memorandum Opinion and Order.

This 16th day of May, 2008.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge